UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Gunn,<br><br>    Petitioner<br><br>v.<br><br>Attorney General State of Nevada, et al.,<br><br>    Respondents | Case No. 2:22-cv-01955-JAD-BNW<br><br>**Order Granting Motion to Reopen, Screening the Petition, Dismissing the Petition, and Reclosing the Case**<br><br>[ECF Nos. 5, 7] |

    *Pro se* Petitioner Christopher Gunn initiated this case by submitting a Petition for Writ of Habeas Corpus[1] on November 21, 2022, but he did not pay the $5 habeas filing fee or file an application to proceed *in forma pauperis* ("IFP").[2] On November 30, 2022, I ordered Gunn to either pay the filing fee or submit a complete IFP application with all required attachments by January 13, 2023.[3] Gunn was warned that a failure to comply would result in the dismissal of this action without prejudice and without further advance notice.[4] Because Gunn did not file a completed IFP application, pay the filing fee, request an extension of time, or take any other action to prosecute this case, I dismissed his petition without prejudice and closed this case.[5]

    Gunn has now filed a motion to extend time, which I liberally construe as a motion to reopen, and paid the $5 filing fee.[6] Based on (1) Gunn submitting a copy of his brass slip showing that he requested that the Nevada Department of Corrections transmit $5 from his

---

[1] ECF No. 5.

[2] *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[3] ECF No. 3.

[4] *Id.*

[5] ECF No. 4.

[6] ECF Nos. 7, 8.

account to this court prior to January 13, 2023, deadline and (2) the court having received Gunn's filing fee, I find good cause to reopen this case and vacate my previous dismissal order and judgment. However, on initial review under the Habeas Rules,[7] I dismiss the petition without prejudice as unexhausted and reclose this case.

## Background

Gunn challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County in *State of Nevada v. Chris Gunn*, Case No. C-22-367422-1.[8] On October 4, 2022, the state court entered a judgment of conviction for battery by strangulation. Gunn was sentenced to 19 to 48 months in prison. A search of the Nevada state appellate courts' docket reflects that Gunn has not sought appellate review in any capacity. And a search of the Eighth Judicial District Court's docket reflects that Gunn has not sought post-conviction relief.

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[9] or plagued by procedural defects.[10] Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition

---

[7] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[8] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[9] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[10] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

for habeas relief until he has properly exhausted his available state remedies for all claims raised.[11]

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[12] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[13] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[14] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[15]

Gunn admits that he has not filed a petition for habeas corpus in the state court,[16] much less appealed to the highest state court, as the exhaustion requirement mandates for his three ineffective-assistance-of-counsel claims. This alone bars this court's consideration of his federal habeas petition. Accordingly, the petition will be dismissed without prejudice for lack of exhaustion. If necessary, Gunn may file a new federal habeas petition—in a new case with a new case number and a new filing fee or completed IFP application—upon exhaustion of his state-court remedies.

---

[11] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[12] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[13] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[14] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[15] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[16] ECF No. 5 at 1.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Christopher Gunn's motion to extend time, which I construe as a motion to reopen, **[ECF No. 7] is GRANTED**.

This court having reviewed the petition, IT IS FURTHER ORDERED that Gunn's petition for writ of habeas corpus **[ECF No. 5] is DISMISSED without prejudice** as unexhausted. Gunn is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **REOPEN** this case and **VACATE** the dismissal order [ECF No. 4] and the judgment [ECF No. 6], and
- **RE-ENTER** final judgment dismissing this action and **RE-CLOSE** this case.

_____
U.S. District Judge Jennifer A. Dorsey
February 17, 2023